ROY H. BRANT, RESPONDENT, v. SAMUEL S. ASARNOW, APPELLANT.

Submitted May 17, 1929—Decided September 19, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *William P. Braun.*

For the respondent, *Harry Kalisch.*

PER CURIAM.

The plaintiff sustained personal injury by reason of the explosion of a range in premises rented by him from the defendant. There was a verdict and judgment for the plaintiff and defendant appeals.

The situation, as the jury was entitled to find it, was that the defendant rented rooms over a store to the plaintiff at a rental of $25 per month; and in the rooms there was a coal range, but that this was not connected up at the time of rental, and that the range was rented to the plaintiff separately from the rooms for $3 a month. This was disputed, as a matter of fact, by the landlord, but there was evidence which entitled the jury so to find. This range was constructed, as usual in such cases, with a water-back to be connected with a boiler, but there was no boiler. The testimony of the

plaintiff's wife was that at the time of renting the range she asked the defendant if there was "any water in the box," and he said, "well, there may be a little water in, but you will come to no harm;" that her sister asked defendant whether it was a good burner and a good baker, and he said, "the stove is in perfect condition to use." The evidence further tends to indicate that the defendant agreed to pay, and did pay, the cost of connecting the range with the chimney, amounting to $2.50, the work being done by the plaintiff. There was a gas range for small cooking, but one morning when it was cold the plaintiff, who usually got his own breakfast, started a fire in the coal range to warm up the room. Presently the range exploded and injured the plaintiff seriously. There was further testimony tending to indicate that the defendant admitted afterwards that he was at fault.

The first point made for reversal is that the court committed error in refusing to nonsuit when the plaintiff rested. The motion to nonsuit was rested on twenty separate grounds which are reprinted and ostensibly relied on in the brief but are not specifically argued. The gravamen of the argument is that, as between landlord and tenant, there is no implied warranty of fitness. This well-recognized rule is sought to be applied to the range as a part of the rented premises. There are two answers; the first is that, on the theory of the case as submitted to the jury, it was not a case of landlord and tenant; and the second is that there was evidence of an express warranty by the landlord. On the plaintiff's theory of the case, the rental of the stove was a bailment for hire, and we think the established rule in such cases is that the bailor is required to use due care to have the article reasonably fit for the purpose for which it is bailed. A common instance in the old cases is that of hiring out a vicious horse at livery. We conclude that there is no merit in the first point.

The second point is that, upon the same grounds as urged in the motion for nonsuit, there should have been a direction of a verdict for the defendant. As usual in such cases, the evidence for the defendant contradicted but did not explain

away that of the plaintiff and, hence, there was no error in refusing to direct a verdict.

The third point is that the court erred in permitting the following question to be asked over objection on cross-examination of the defendant: "Now, Mr. Asarnow, are you testifying in your own interest or are you insured against an adverse verdict in this case?" This is attacked as illegal and incompetent; but it seems to be directly in line with the decision in *Day* v. *Donohue, 62 N. J. L.* 380, and *Kalker* v. *Hedden, 72 Id.* 242. In fact, the question is framed in the precise language considered in Day *v.* Donohue. For the reasons given in the cited case, it was not error to permit the question.

The fourth point is alleged error in charging as follows:

"Now, a bailment is a delivery of personal property to another, for some purpose upon a contract express or implied that such purpose will be carried out. In such a case there is what we call a bailment. If mutually they got the benefit and it was for the benefit of both bailee and bailor, the man turning the article over for use was the bailor, for so much a month or a week, and the other man was the bailee. One had the benefit of the use of it, and the other man had the benefit, by reason of having been paid for the use of it, and it was his duty to turn it over in proper condition to be used by the other party."

The argument is that this language imposes an absolute duty upon the defendant, irrespective of questions of care or want of care. We deem it unnecessary to discuss the legal propriety of the language because it is inseparably connected with what immediately follows and qualifies, and which reads thus: "The question then to be resolved by you is, if there was a leasing of the premises and a bailment of the article, did he discharge that duty or was he negligent in the discharge of it?" The court then immediately went on to define negligence as applied to the case. Taking this portion of the charge altogether, we are clear that no harmful error was committed.

The fifth and last point is that the court refused to charge the defendant's third request, and which reads as follows:

"You must also take into consideration the fact that the testimony in the plaintiff's case admits that the defendant informed them that there was water in the steam box and that therefore even if the water in the steam box were a defect, the defendant disclosed that defect and made it known to the party renting the apartment. In that event, there should be a verdict for the defendant."

We think this request was properly refused because it did not properly state all the material facts and because it requires absolutely a verdict for the defendant. The request does state that the defendant informed them that there was water in the steam box, but omits to include the further statement that the defendant assured them there was not enough water to do any damage, as appears in the testimony quoted above. Moreover, it does not correctly quote the testimony, even as to the portion that it covers, because that testimony is that defendant said there might be a little water in. Consequently, the request was not justified by the evidence.

We find no injurious error in the case, and the judgment will, therefore, be affirmed.